WILLIAMS, Judge.
On August 3, 1971 Mrs. Mary Pixley, on entering the carport of the home of her brother, Connie B. McEachern, slipped, fell and broke her leg. The surface of the carport was cement, which was damp as a result of rain the night before. She contended McEachern was negligent and therefore he and his insurer, Continental Insurance Company, were solidarily liable for her damages.
The trial court found:
“The facts show that the accident occurred in the daylight hours at about *44 9:00 o’clock A. M., that the plaintiff noticed the wet condition of the concrete, and that she had taken about three steps into the carport when she slipped and fell. There was no foreign object or substance on the concrete other than the wetness. She was wearing oxford shoes with leather soles. The defendant is her brother and she had visited there quite often before. She had been there before when the floor was damp.”
The court, relying on Pervel v. Hospital Service Association of New Orleans, 192 So.2d 852 (La.App., 4th Cir. 1966), found Mrs. Pixley had been contributorily negligent and therefore barred from any recovery. From a judgment rejecting her demands, Mrs. Pixley perfected an appeal.
A thorough review of the record reveals the factual conclusions of the trial court are correct. By Mrs. Pixley’s' own statements she concedes she had visited before when the cement of the carport was damp:
“Q. I said on previous occasions when it had rained and the floor was wet or damp you had gone into your brother’s house without difficulty through the carport ?
“A. Yes, I had'.” (Tr. p. 61)
She next admitted noticing the surface was damp on this visit:
“Q. And you noticed that it was damp, did you not, Mrs. Pixley, when you first started in there ?
“A. I noticed the pavement was damp, yes, sir.
“Q. And that was before you taken your three steps and fell ?
“A. Yes, that the concrete was damp, sir.
“Q. Right.” (Tr.p. 64)
In Pervel v. Hospital Service Association, supra, the court stated:
“ ‘ * * * The circumstance that the entranceway to commercial buildings may be more slippery in wet weather than in dry is not of itself sufficient to constitute actionable negligence on the part of the property owner, when such a condition is observable by a reasonably prudent person of ordinary intelligence and when then the entranceway can be traversed in safety by the exercise of ordinary care. . .
[192 So.2d 852, 854]
This court concludes the carport was traversable with ordinary care, hence Mr. McEachern was not negligent. Mrs. Pix-ley was negligent in attempting to traverse the area after viewing its dampness and having knowledge of its slippery quality.
This court’s attention has been directed to the duplicate policy of insurance filed in this record. Under the section “Medical Payments and Others” the policy provides for $500 to be paid on medical expenses to one other than the insured injured on the premises. Mrs. Pixley is entitled to receive this benefit to apply on her medical expenses. The trial court did not make such an award.
Accordingly, the judgment is amended and Mrs. Pixley is awarded judgment against Continental Insurance Company for the sum of Five Hundred and No/100 ($500.00) Dollars plus legal interest from date of judicial demand until paid. Mrs. Pixley’s request for penalties and attorneys’ fees is denied. In all other respects the judgment of the trial court is affirmed.
Costs are assessed against Continental Insurance Company.
Reversed in part, amended, and affirmed.